UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE WHITE HOUSE SERVICES,
(Edwin Broadus),

        Plaintiff,

vs.

ALLSTATE INSURANCE CO.,

        Defendant.
_____/

Case No. 17-CV-12672

HON. GEORGE CARAM STEEH

ORDER GRANTING EDWIN BROADUS'
MOTION TO INTERVENE [ECF DOC. 29]

This matter is before the court on the motion of Edwin Broadus to intervene in this lawsuit pertaining to unpaid Michigan no-fault benefits payable for his benefit. As a result of a motor vehicle accident, Mr. Broadus became entitled to receive Michigan no-fault personal protection insurance benefits from defendant Allstate. Plaintiff White House Services seeks to recover for unpaid residential brain-injury care therapies rendered to Mr. Broadus following his accident. Allstate refused to pay for certain services provided to Mr. Broadus, which resulted in plaintiff bringing the instant lawsuit.

Mr. Broadus seeks to intervene in the action because he is concerned that Allstate's non-payment jeopardizes his ability to continue to

reside in plaintiff's brain-injury program and receive the services he requires from plaintiff.

A person shall be permitted to intervene as of right where they timely "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The court finds that Mr. Broadus satisfies the requirements for intervention as of right under Rule 24(a). His motion to intervene is timely where the lawsuit is in the early stages and discovery is still ongoing. *Hill v. Travelers Cas. & Sur. Co.*, 2015 U.S. Dist. LEXIS 69909, at *7 (E.D. Mich. Jan. 22, 2015). The intervenor is required to have a "direct and substantial" interest in the litigation. *Grubbs v. Norris*, 870 F.2d 343, 346 (1989). Since the payment of his no-fault benefits are being litigated, Mr. Broadus can be said to have a direct and substantial interest in the litigation. If the benefits are not recovered from Allstate, plaintiff may seek to recover them from Mr. Broadus directly. In addition, if plaintiff is not paid for the services already provided to Mr. Broadus, his ability to continue receiving services from plaintiff will be in jeopardy. Next, if intervention is not permitted, Mr.

Broadus' rights may be impaired. For example, if plaintiff does not collect no-fault benefits sought from Allstate, Mr. Broadus may be barred from taking action to protect his rights under the Michigan No-Fault Act by the one-year back rule. MCL 500.3145. Finally, the existing parties may not adequately represent Mr. Broadus' interests, including his interest in claims he continues to incur which have not been assigned to plaintiff.

A discussion of the motion to intervene filed by plaintiff's counsel on behalf of Mr. Broadus occurred during a telephone status conference on this date and the court noted an *in camera* review of the waiver of a potential conflict satisfied the concerns of the court. Accordingly, the court GRANTS Mr. Broadus' motion to intervene with the understanding that should any party have concerns about the competence of Mr. Broadus to function without the assistance of a guardian ad litem or conservator, counsel is encouraged to bring such concerns to the court's attention. An intervening complaint shall be filed by February 11, 2019.

It is so ordered.

Dated: January 9, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk